```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION


 ALBERT VAUGHN, SR., as      )
 administrator for the       )
 estate of Albert Vaughn,    )
 Jr.                         )
                             )
            Plaintiff,       )
      v.                     )   No. 14 C 47
                             )
 CITY OF CHICAGO, et al.,    )
                             )
            Defendant.       )
```

MEMORANDUM OPINION AND ORDER

Albert Vaughn, Sr. ("Plaintiff") has sued the City of Chicago and four of its police officers (collectively, "Defendants") under 42 U.S.C. § 1983 for violating his deceased son's substantive due process rights. Defendants have moved to dismiss the complaint for failure to state a claim upon which relief may be granted. Alternatively, Defendants seek dismissal on qualified immunity grounds. I deny Defendants' motion for the reasons stated below.

I.

At the motion to dismiss stage, I must accept as true all well-pleaded allegations in the complaint and draw all reasonable inferences in Plaintiff's favor. *See Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014).

On April 5, 2008, around 11:00 pm, Albert Vaughn, Jr. ("Vaughn") was in the vicinity of 7033 South Throop Street in Chicago, Illinois when an altercation between two groups started in the street. Vaughn left the area before the four police officers who are named as defendants in this suit arrived at the scene.

While the police officers stood between the two groups trying to disperse the crowd, Vaughn returned to the scene in search of his younger brother. Vaughn was carrying a stick to protect himself and joined one of the groups. Upon noticing Vaughn, Officer Robert Cummings drew his gun and pointed it at Vaughn. Meanwhile, the other officer defendants ordered Vaughn to drop the stick. Vaughn complied.

When a man in the opposing group began yelling obscenities at Vaughn, he picked up the stick he had brought to the scene for self-protection. The officer defendants, who were standing within a few feet of Vaughn, once again ordered him to drop the stick. Vaughn complied.

The man who had been shouting obscenities at Vaughn then made his way through the crowd carrying a metal baseball bat. The defendant officers did not order the man to halt or drop the bat as he approached Vaughn. Instead, the officers simply watched as the man clubbed Vaughn in the head with the bat and

2

then fled from the scene. Vaughn was transported to a local hospital where he was pronounced dead.

Vaughn's father filed the present suit in his capacity as the administrator of his son's estate. Defendants have moved to dismiss the complaint for failure to state a claim upon which relief may be granted or, alternatively, on qualified immunity grounds.

## II.

Defendants argue that the complaint fails to state a plausible claim that they violated any of Vaughn's constitutional rights and should be dismissed with prejudice. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (in order to survive Rule 12(b)(6) motion, complaint must "state a claim to relief that is plausible on its face"). Plaintiff counters that the complaint states a plausible claim that Defendants violated his son's due process rights by placing him in a more dangerous situation than he otherwise would have faced and then failing to protect him.

"As a general matter...a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 197 (1989). "*DeShaney,* however, [left] the door open for liability in situations where the state creates a dangerous situation or

3

renders citizens more vulnerable to danger." *Reed v. Gardner*, 986 F.2d 1122, 1125 (7th Cir. 1993). The so-called "state-created danger" doctrine has three elements:

> First, in order for the Due Process Clause to impose upon a state the duty to protect its citizens, the state, by its affirmative acts, must create or increase a danger faced by an individual.
>
> Second, the failure on the part of the state to protect an individual from such a danger must be the proximate cause of the injury to the individual.
>
> Third, because the right to protection against state-created dangers is derived from the substantive component of the Due Process Clause, the state's failure to protect the individual must shock the conscience.

*King ex rel. King v. East St. Louis Sch. Dist. 189*, 496 F.3d 812, 817-18 (7th Cir. 2007) (internal citations omitted and paragraph breaks added); *see also Paine v. Cason*, 678 F.3d 500, 510 (7th Cir. 2012) (rejecting characterization of state-created danger doctrine as an "exception" to *DeShaney*).

### A.

Defendants' first argument for dismissal is that the complaint does not plausibly allege that they placed Vaughn in a more dangerous position than he otherwise would have faced.

"When courts speak of the state's 'increasing' the danger of private violence, they mean the state did something that turned a potential danger into an actual one, rather than that it just stood by and did nothing to prevent private violence."

4

*Sandage v. Bd. of Com'rs of Vanderburgh Cty.*, 548 F.3d 595, 600 (7th Cir. 2008); *see also Slade v. Bd. of Sch. Directors of the City of Milwaukee*, 702 F.3d 1027, 1030 (7th Cir. 2012) (criticizing the term "affirmative act" as "unhelpful" because "[a]ll acts are affirmative, including standing still when one could save a person by warning him of some impending danger").

Here, the complaint alleges that Defendants increased the danger facing Vaughn by ordering him, at gunpoint, to drop the stick he was carrying for self-protection. Defendants emphasize that they did not start the street altercation, force Vaughn to return to the scene, or place Vaughn's assailant in the rival group. Defendants' attempt to portray themselves as passive observers cannot be squared with the complaint, which plainly alleges that Defendants ordered Vaughn to drop his chosen means of self-protection during a heated altercation.

Defendants stress that Vaughn faced substantial danger--namely, the risk that a member of the rival group would attack him--with or without a stick in his hand. This argument falsely assumes that the state-created danger doctrine applies only when state actors turn a safe situation into a dangerous one. In fact, the doctrine also protects individuals against marginal increases in risk--i.e., placing someone who already faces danger in even greater peril. *See Stevens v. Umsted*, 131 F.3d 697, 705 (7th Cir. 1997) (state-created danger doctrine covers

5

situations where state "render[s] [someone] more vulnerable to an existing danger"); *see also Reed*, 986 F.2d at 1126 (state may be liable when it "creates, or substantially contributes to the creation of a danger or renders citizens more vulnerable to a danger than they otherwise would have been").

At the motion to dismiss stage, Defendants are not entitled to the inference that their actions left Vaughn no worse off than when he returned to the scene with a stick in hand. *See Reed*, 986 F.2d at 1124 (faulting district court for going outside the pleadings to dismiss state-created danger claim). It is plausible that Vaughn was safer with a stick in his hand than he was after Defendants ordered him to drop it. In simple terms, Defendants made Vaughn an easier target for would-be assailants in the rival group than he otherwise would have been. This marginal increase in risk is sufficient to state a plausible state-created danger claim.

Defendants also argue that even if they exposed Vaughn to an increased risk of private violence, they did not render him completely defenseless. After all, Defendants contend, Vaughn could have walked away from the scene after they ordered him to drop his stick. This argument resembles an assumption of risk defense that Vaughn need not overcome at the pleading stage. *See Slade*, 702 F.3d at 1031. Moreover, the Seventh Circuit has held that "a state can be held to have violated due process by

placing a person in a position of heightened danger without cutting off other avenues of aid." *Monfils v. Taylor*, 165 F.3d 511, 517 (7th Cir. 1998). The availability of "self-help" is relevant to whether the state has a duty to protect someone arising from its exercise of "custody or control" over that person. *See id.* (listing prisoners, involuntarily committed persons, and foster children as examples of people to whom the state owes a duty of protection). Plaintiff is not relying on the "custody or control" theory of due process liability, so I need not analyze whether "avenues of self-help" were available to Vaughn after he dropped his stick.

In sum, the complaint plausibly alleges that Defendants placed Vaughn in a position of increased danger, thereby triggering a duty to protect him from private violence.

B.

The second element of a state-created danger claim is proximate causation. Defendants assert in conclusory fashion that ordering Vaughn to drop his stick and watching someone attack him with a baseball bat were not the proximate cause of his injuries. This argument is underdeveloped and therefore waived. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (waiver applies when arguments are "underdeveloped, conclusory, or unsupported by law").

C.

The "shocks the conscience" element of a state-created danger claim "is a reminder that liability for a constitutional tort requires proof that the defendant acted (or failed to act) not merely negligently but recklessly (equivalently, with deliberate indifference to the risk of harm that he was creating)." *Sandage*, 548 F.3d at 599. "[A]ny analysis of potentially conscience-shocking behavior is necessarily fact-driven." *Jackson v. Indian Prairie Sch. Dist. 204*, 653 F.3d 647, 655 (7th Cir. 2011). "The cases generally understand 'recklessness' to mean knowledge of a serious risk to another person, coupled with failure to avert the risk though it could easily have been averted." *Slade*, 702 F.3d at 1029.

Accepting the complaint as true, Defendants were recklessly indifferent to Vaughn's safety. This is not a case where state actors were at worst negligent in protecting an individual from state-created dangers. *See id.* 1032-33; *Jackson*, 653 F.3d at 655-56; *King*, 496 F.3d at 819. The combination of ordering Vaughn to drop a stick he intended to use for self-protection and then watching--at a distance of only a few feet--while someone beat him to death with a baseball bat shows a reckless disregard for his life that shocks the conscience.

III.

As a fallback position, Defendants argue that they are entitled to qualified immunity because Plaintiff's due process claim, even if plausible, does not rest on a right that was clearly established at the time of Vaughn's death.

"Qualified immunity can be grounds for a Rule 12(b)(6) dismissal when the allegations of the complaint, taken as true, fail to allege the violation of a clearly established right." *McGreal v. AT&T Corp.*, 892 F.Supp.2d 996, 1012 (N.D. Ill. 2012). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083 (2011). The party opposing a qualified immunity defense need not cite "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id*.

"It is clearly established that state actors who, without justification, increase a person's risk of harm violate the Constitution." *Paine*, 678 F.3d at 510 (citing *White v. Rochford*, 592 F.2d 381 (7th Cir. 1979), as the origin of state-created danger doctrine in this circuit); *see also Archie v. City of Racine*, 847 F.2d 1211, 1223 (7th Cir. 1988) (en banc) ("When the state puts a person in danger, the Due Process Clause

requires the state to protect him to the extent of ameliorating the incremental risk."). "[T]he constitutional right involved [is] not a right to protection, *per se*, but rather a right not to be placed at harm by state officials." *Monfils*, 165 F.3d at 518.[1]

When determining whether a state-created danger claim alleges the violation of a clearly established right, the Seventh Circuit does not demand precise factual symmetry between the precedent(s) relied upon and the facts at hand. *See Paine*, 678 F.3d at 510-11 (holding that female arrestee had clearly established right not to be released in a dangerous, unfamiliar neighborhood without citing any state-created danger cases involving the release of an arrestee); *Monfils*, 165 F.3d at 518 (holding that detective who released audio recording of informant who was later murdered violated decedent's clearly established rights without citing any state-created danger cases involving police informants).

The upshot of these cases is that an individual has clearly established rights not be stranded (*Paine*) or trapped (*Monfils*) in dangerous situations that state actors either created or made more perilous. *See Slade*, 702 F.3d at 1030 (characterizing *Monfils* as a "trap" case). Plaintiff's claim falls within this

---

[1] I take no position on the parties' side debate over whether Vaughn had a clearly established Second Amendment right to possess a stick for self-defense during a street altercation.

10

clearly established line of cases.  Defendants stranded Vaughn in a dangerous situation by ordering him to drop the object he intended to use for self-protection and simply watching while he was bludgeoned to death.  The same police actions placed Vaughn in a trap of sorts by making him an easy target for the man who killed him.  In short, Defendants are not entitled to dismissal on qualified immunity grounds because Plaintiff's claim is based on clearly established due process rights.

IV.

Defendants' motion to dismiss is DENIED for the reasons stated above.

**ENTER ORDER:**

_____

**Elaine E. Bucklo**
United States District Judge

Dated: August 5, 2014